STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| In re: Phillips property non-enforcement decision | } | Docket No. 268-11-08 Vtec |
| (Appeal of Whitmore) | } | |
|  | } | |

Decision and Order on "Motion for Stay or Other Injunctive Relief"

On November 17, 2008, Appellants Melissa Whitmore and David Whitmore filed an appeal from a decision of the Development Review Board (DRB) of the Town of Wallingford, upholding the Zoning Administrator's decision not to take enforcement action regarding the property of Thomas Phillips. Appellants are represented by Christopher J. Larson, Esq. Appellees Thomas and Kimberly Phillips have not yet entered an appearance; they are represented in a related Superior Court action by Frank H. Langrock, Esq. The Town of Wallingford also has not yet entered an appearance; it is represented in the related Superior Court action by John S. Liccardi, Esq. and Philip C. Woodward, Esq.

In the present appeal, Appellants have not yet filed their Statement of Questions. They have filed a "Motion for Stay or Other Injunctive Relief" in relation to earthmoving and gravel extraction activities alleged to be occurring on the Phillips property beyond the scope of any municipal permits obtained for the Phillips property.

According to the Melissa Whitmore affidavit accompanying the filing, Melissa and David Whitmore's property is located across Route 140 from the 3.5-acre Phillips property in the Town of Wallingford. In October of 2007, the Zoning Administrator issued a zoning permit to Mr. Phillips to "subdivide 3.5± acre lot into 3 lots at one acre plus." That zoning permit was not appealed, and has become final. 24 V.S.A. § 4472(d). The zoning permit authorizing the subdivision contained no conditions; the application

1

for that permit contained no representations regarding earthmoving activities. The topographical map that was part of the application, showing the proposed subdivision, depicted the proposed boundary lines and a proposed access road or driveway from Route 140 to the farthest and the middle lot in the subdivision, but did not show any proposed alterations to the underlying topography.

The zoning permit application stated that the Phillips property has an address on "Waldo Lane." The attached plan shows that the property extends from frontage on Route 140, at an elevation of approximately 625 feet above sea level, up to a hill on the central portion of the property at a maximum elevation of approximately 690 feet, down to an elevation of approximately 600 feet at the frontage of the property on a road (not labeled on the plan, but, presumably, Waldo Lane), adjacent to Otter Creek.

Because this is not filed as an enforcement complaint (either under 24 V.S.A. § 4470(b) or by the Town under 24 V.S.A. §§ 4451 and/or 4452), all that is before the Court is Appellant's appeal of the DRB's November 1, 2008 decision. That decision denied Appellants' appeal of a decision issued by the Zoning Administrator in a September 22, 2008 letter. The Zoning Administrator's letter has not yet been supplied to the Court, but that letter's conclusions are quoted in Paragraph 9 of the DRB decision. The form filled out to initiate the Whitmore appeal to the DRB stated that the matter appealed was the Zoning Administrator's "non-issuance of notices of violation and other acts."

In this appeal the Court stands in place of the DRB, to act de novo on Appellants' appeal of the Zoning Administrator's letter. 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g). Assuming that Appellants requested the Zoning Administrator to take enforcement action against the Phillips for acting beyond the scope of their subdivision permit, all that is before the Court is whether the Phillips have acted beyond the scope of their subdivision permit; which may include whether the activity amounts to the operation of a commercial gravel pit not authorized under the zoning ordinance or their subdivision permit.

Because this is an appeal, not an enforcement action, all that could be stayed in this appeal, therefore, is the DRB's decision that the Zoning Administrator was correct that no notice of violation should issue against the Phillips. Unlike an appeal in which an Appellant seeks a stay of an issued permit, a stay of the DRB decision in the present case would not extend to halting activities alleged to be occurring on the Phillips property, even if such activities could support a TRO or preliminary injunction within the superior court's jurisdiction[1] (or within this Court's jurisdiction in a properly-filed enforcement case). Accordingly, there is no basis for a stay to be issued ex parte at this time in the present appeal, and Appellants' Motion for Stay or Other Injunctive Relief is DENIED, without prejudice to its renewal, if Appellants wish to do so, after the other parties have entered their appearance and the Statement of Questions has been filed, and after the initial conference has been held. See V.R.E.C.P. 2(d).

Regarding the Act 250 issues raised by the Melissa Whitmore affidavit and its supporting materials, and mentioned in the request for injunctive relief, those materials describe the Phillips property as adjoining a parcel of property, at a much lower elevation, owned by the Town of Wallingford, subject to Act 250 Permit 1R0797-1, on which gravel extraction has taken place, and subject to certain remediation provisions in that Act 250 permit. No appeal or original action relating to the Act 250 permit has been filed with this Court to date. See, e.g., appeal of jurisdictional opinion (10 V.S.A. Chapter 220); administrative enforcement order (10 V.S.A. Chapter 201); Act 250 permit revocation complaint (10 V.S.A. § 6027(a); V.R.E.C.P. 3(1)).

---

[1] Appellants also have brought a civil action in Rutland Superior Court against the Phillips, the Town, and others: Docket No. 770-10-08 Rdcv. A temporary restraining order has been issued in that case and motions to dismiss are being briefed. This Court is not aware of any enforcement action having been brought in superior court by the Natural Resources Board Land Use Panel for injunctive relief under 10 V.S.A. § 8221.

3

Please advise this Court whether any other matters within the jurisdiction of this Court or whose appeal would be within the jurisdiction of this Court are pending or anticipated to be filed with or by the District Commission, the Natural Resources Board, or the Agency of Natural Resources, for the purposes of the coordination required by V.R.E.C.P. 2(b). A courtesy copy is also being sent to the Rutland Superior Court for its information.

The Statement of Questions in this appeal is due to be filed on December 8, 2008. The initial conference in this matter has been scheduled for December 11, 2008 (see enclosed notice). Please advise the Court as soon as possible if a telephone conference should be held in advance of December 11, in which case it could be scheduled for next week if the other parties enter their appearances, either on November 25, 2008 or November 26, 2008.

Done at Berlin, Vermont, this 18th day of November, 2008.

_____
Merideth Wright
Environmental Judge

4